UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
EMANUELA FERRANTE, individually, and on behalf
of all others similarly situated,

                     Plaintiff,

                                                              ORDER
        -against-                                 15-CV-5473(SJF)(SIL)

THE LAW OFFICES OF LEWISOHN & LEWISOHN,

                     Defendant.
-------------------------------------------------------------------X
FEUERSTEIN, District Judge:

I.      Introduction

On September 22, 2015, plaintiff Emanuela Ferrante ("plaintiff") commenced this putative class action against The Law Offices of Lewisohn & Lewisohn ("defendant") seeking damages for defendant's alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.* Pending before the Court is defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for relief. For the reasons set forth below, defendant's motion is denied.

II.     Background

     A.     Factual Allegations[1]

Plaintiff alleges that defendant "is a law firm engaged in the business of collecting debts," (Complaint ["Compl."], ¶ 3), and "began collecting an alleged consumer debt from the

---

[1] The factual allegations in the complaint are assumed to be true for purposes of this motion and do not constitute findings of fact by the Court.

Plaintiff[,]" (*id.*, ¶ 22), by mailing her a "Collection Letter" dated August 26, 2015. (*Id.*, ¶ 23).

The body of the "Collection Letter" indicates as follows:

> "Please be advised that I am the attorney for Urgent-MD [Management LLC ("Urdent-MD")], which has referred your account to my office to initiate collection procedures. Though they have sent you statements and letters, you have failed to pay for the medical services provided to you by Urgent-MD's health-care professionals, and the above balance remains outstanding.
>
> I have been authorized to commence legal proceedings in order to collect the outstanding balance - but first, I'm taking the liberty of giving it one last try, to avoid adversely affecting your credit rating or adding to the amount you must pay.
>
> In the event that payment is not received within 10 days of the date of this letter, we will initiate legal proceedings in civil court. In the suit, we will seek payment for your outstanding bill, plus interest and reimbursement for court costs and legal fees (where appropriate and permitted by law).
>
> I look forward to settling this matter quickly without the need for any legal action."

(Affirmation of Jeffrey L. Lewisohn, Esq. in Support of Motion to Dismiss ["Lewisohn Aff."], Ex. A; Declaration of Alan J. Sasson, Esq. in Opposition to Defendant's Motion to Dismiss ["Sasson Decl."], Ex. 2).[2] At the bottom of the "Collection Letter," below the signature of Jeffrey L. Lewisohn, is the following notation: "THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE." (*Id.*)

Plaintiff alleges, (a) that the "Collection Letter" does not contain "a dispute and/or validation notice," (Compl., ¶ 26); (b) that defendant "failed to send [plaintiff] a written notice containing any validation notice[]" within five (5) days from the "Collection Letter," (*id.*, ¶ 30);

---

[2] The complaint relies heavily upon the terms and effect of the "Collection Letter," (*see* Compl., ¶¶ 24-29, 34), thus, rendering it "integral" to the complaint and properly considered on defendant's motion to dismiss. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002).

and (c) that the following statements are absent from the "Collection Letter": (i) "that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector[,]" (*id.*, ¶ 27); (ii) "that if the consumer notifies the debt collector in writing within thirty days that the debt is disputed, the debt collector must obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification of [sic] judgment will be mailed to the consumer by the debt collector[,]" (*id.*, ¶ 28); and (iii) "that upon written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor[,]" (*id.*, ¶ 29).

### B. Procedural History

On September 22, 2015, plaintiff commenced this putative class action seeking, *inter alia* actual and statutory damages for defendant's alleged violations of the FDCPA. Plaintiff alleges, *inter alia*, (a) that the "Collection Letter" is "false, deceptive and misleading" in violation of 15 U.S.C. § 1692e because it indicates "that if payment is not received within 10 days of the date of the letter, [defendant] would initiate legal proceedings in civil court[] . . . [and] fail[s] to provide a 30 day period to dispute the alleged debt[,]" (Compl., ¶ 34); and (b) that defendant violated 15 U.S.C. § 1692g "by failing to provide a proper validation notice" either in the "Collection Letter" or within five (5) days of the "Collection Letter." (*Id.*, ¶ 36).

Defendant now moves to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for relief. Specifically, defendant contends, *inter alia*, that it is not a "debt collector" within the meaning of the FDCPA and plaintiff does not

allege any actual damages.

III.     Discussion

   A.    Standard of Review

The standard of review on a motion made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is that a plaintiff plead sufficient facts "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. 544, 127 S. Ct. at 1959.

In deciding a motion pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P.*, 737 F.3d 166, 176

(2d Cir. 2013) (quotations and citation omitted); *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013). However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679, 129 S. Ct. 1937. "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*; *see also Ruston v. Town Bd. of Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010).

Nonetheless, a plaintiff is not required to plead "specific evidence or extra facts beyond what is needed to make the claim plausible." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120-1 (2d Cir. 2010); *accord Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 729-30 (2d Cir. 2013). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679, 129 S. Ct. 1937.

In deciding a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must limit itself to the facts alleged in the complaint, which are accepted as true; to any documents attached to the complaint as exhibits or incorporated by reference therein; to matters of which judicial notice may be taken; or to documents upon the terms and effect of which the complaint "relies heavily" and which are, thus, rendered "integral" to the complaint. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002); *see also ASARCO LLC v. Goodwin*, 756 F.3d 191, 198 (2d Cir. 2014), *cert. denied*, 135 S. Ct. 715, 190 L. Ed. 2d 441 (2014).

5

B.  The FDCPA

1.  Elements of Claim

"To establish a violation under the FDCPA (1) the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, . . . (2) the defendant collecting the debt is considered a 'debt collector,' and (3) the defendant has engaged in any act or omission in violation of FDCPA requirements.'" *Schuh v. Druckman & Sinel, L.L.P.*, 751 F. Supp. 2d 542, 548 (S.D.N.Y. 2010) (quotations and citation omitted); *accord Gomez v. Resurgent Capital Servs., LP*, 129 F. Supp. 3d 147, 154 (S.D.N.Y. 2015); *Polanco v. NCO Portfolio Mgmt., Inc.*, 132 F. Supp. 3d 567, 578 (S.D.N.Y. 2015). Defendant contends that the complaint fails to state a plausible FDCPA claim against it because it is not a "debt collector" within the meaning of the FDCPA.

Defendant supports its contention that it is not a "debt collector" within the meaning of the FDCPA with an affirmation of one (1) of its two (2) partners, Jeffrey L. Lewisohn, Esq., attesting to certain facts regarding the nature of defendant's law practice, its relationship with plaintiff's creditor, etc. That affirmation is not properly considered on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because it was not attached to, or incorporated by reference in, the complaint; judicial notice may not be taken of it; and the complaint does not rely heavily upon its terms. *See Chambers*, 282 F.3d at 152-53.

Rule 12(d) of the Federal Rules of Civil Procedure provides:

> "If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

The problem with treating defendant's motion to dismiss as a motion for summary judgment is that discovery is still ongoing in this case and the evidence necessary to respond to the assertions made by Mr. Lewisohn in his affidavit is uniquely in the knowledge and/or possession of the two (2) partners of defendant, *i.e.*, Mr. Lewisohn and his wife. Absent discovery, plaintiff will be unable to "present facts essential to justify its opposition" to defendant's motion, Fed. R. Civ. P. 56(d), and, thus, will not have a reasonable opportunity to present all material pertinent to the motion. Since I cannot fairly treat defendant's motion to dismiss as a motion for summary judgment at this stage of the proceedings, *i.e.*, prior to the close of discovery, I must exclude Mr. Lewisohn's affirmation from my consideration of defendant's motion and consider only the factual allegations in the complaint and the "Collection Letter" itself, which, as set forth above, is integral to the complaint.

Since it may reasonably be inferred from the factual allegations in the complaint and the language in the "Collection Letter," as set forth above, that defendant was a "debt collector" within the meaning of the FDCPA at all relevant times, *see* 15 U.S.C. § 1692a(6)[3], the branch of defendant's motion seeking dismissal of plaintiff's FDCPA claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that it was not a "debt collector" as a matter of law is denied.

---

[3] The term "debt collector" is defined in the FDCPA to mean, in relevant part, "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . ." 15 U.S.C. § 1692a(6).

2. Actual Damages

Contrary to defendant's second contention, which is unsupported by any law, "[n]othing in the FDCPA requires an allegedly aggrieved party to plead 'actual damages' in detail." *Abramov v. I.C. Sys., Inc.*, 65 F. Supp. 3d 323, 327 (E.D.N.Y. 2014); *see also Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 307 (2d Cir. 2003) (holding that the FDCPA "permits the recovery of statutory damages up to $1,000 in the absence of actual damages[;] . . . actual damages are not required for standing under the FDCPA.") Plaintiff's allegations that she "has been damaged" as a result of defendant's purported violations of the FDCPA, (Compl., ¶ 37), together with her claim for "actual damages" under the FDCPA, 15 U.S.C. § 1692k(a)(1), (*id.*, "Wherefore" Clause, ¶ A), are sufficient, at the pleadings stage, to state a plausible claim for relief. *See, e.g. Abramov*, 65 F. Supp. 3d at 327. Accordingly, the branch of defendant's motion seeking dismissal of plaintiff's FDCPA claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to plead actual damages is denied.

IV. Conclusion

For the reasons set forth above, defendant's motion to dismiss plaintiff's claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is denied in its entirety.

**SO ORDERED.**

/s/
Sandra J. Feuerstein
United States District Judge

Dated: July 15, 2016
Central Islip, New York